IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JUDY RUSSELL                                                                                              PLAINTIFF

VERSUS                                                          CIVIL ACTION NO: 4:22CV32-GHD-JMV

WAL-MART STORES EAST, LP; et al.                                                        DEFENDANTS

## ORDER DENYING DEFENDANT'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF TREATING PHYSICIAN

Presently before the Court in this slip-and-fall litigation is the Defendant Walmart Stores East, LP's motion to exclude and in limine [41], in which Walmart seeks to exclude the testimony of one of the Plaintiff's treating physicians, Dr. Tal Hendrix, M.D., due to the Plaintiff's failure to properly designate Dr. Hendrix as an expert witness pursuant to Local Rule 26(a)(2)(D); alternatively, the Defendant requests that Dr. Hendrix be precluded from offering expert testimony or opinions at trial. Upon due consideration, the Court finds that the Defendant's motion should be denied – Dr. Hendrix was properly designated as a non-retained treating physician, the subject designation adequately listed the subject matter on which the Plaintiff expects Dr. Hendrix to present evidence, Dr. Hendrix underwent a deposition, and the Plaintiff supplemented the subject relevant discovery disclosures. The Court shall therefore permit Dr. Hendrix to testify as to the facts and opinions contained in the treatment records that the Plaintiff produced to the Defendant during discovery; the subject records cover the time period from October 2, 2019, to August 26, 2020 [Doc. 41-6].

Local Uniform Civil Rule 26(a)(2)(D) states as follows:

> A party must designate physicians and other witnesses who are not retained or specially employed to provide expert testimony but are expected to be called to offer expert opinions at trial. No written report is required from such witnesses, but the party must disclose the subject matter on which the witness is expected to present evidence under Fed. R. Evid. 702, 703 or 705, and a summary of the facts and opinions to which the witness is expected to testify. The party must also supplement initial disclosures.

L.U.Civ. R. 26(a)(2)(D).

The Defendant argues that the Plaintiff did not properly designate Dr. Hendrix as an expert during the discovery phase of this matter. Upon review, the Court finds, however, that the Plaintiff did properly and timely designate Dr. Hendrix as a non-retained treating physician [Doc. 41-1]. In addition, the Plaintiff provided the Defendant with medical records indicating the course of treatment that Dr. Hendrix provided the Plaintiff [Doc. 41-6], and Dr. Hendrix has given a deposition [Doc. 32].

Because Dr. Hendrix was a treating physician and is not being retained or specially employed to provide expert testimony, a written report was not required. However, because no written report was provided, Dr. Hendrix's testimony will be limited to the facts and opinions contained in the treatment records that were produced by the Plaintiff to the Defendant during discovery. See, e.g., *Little v. Synergies3 Tec Services, LLC*, No. 1:21CV8-GHD-DAS, 2022 WL 3438368, at *1-*2 (N.D. Miss. Aug. 16, 2022) (holding where no formal expert designation was provided, testimony of treating physicians was limited to scope and content of provided medical records); *Kearns v. Kite*, No. 3:17-CV-223-GHD-RP, 2019 WL 4935452 (N.D. Miss. Jan. 9, 2019) (same); *Benton v. Wal-Mart Stores East, LP*, No. 3:11cv313-TSL-MTP, 2012 WL 1657134, *1-2 (S.D. Miss. May 10, 2012) (same); *Bunch v. Metropolitan Cas. Ins. Co.*, No. 5:10-cv-104DCB-JMR, 2011 WL 1304459, *2 (S.D. Miss. April 6, 2011) (holding plaintiffs were allowed to rely

on medical records as descriptions of opinions about which treating physicians would testify); *Duke v. Lowe's Homes Centers, Inc.*, No. 1:06CV207-P-D, 2007 WL 3094894, *1 (N.D. Miss. Oct. 19, 2007) (holding that in absence of written report and other information required by Rule 26(a)(2)(B), testimony of identified treating physicians was limited to facts and opinions contained in medical records). The Defendant's motion to exclude testimony from Dr. Hendrix, therefore, shall be denied. Dr. Hendrix's testimony will, however, be limited to the facts and opinions contained in the treatment records that were produced during discovery.

THEREFORE, it is hereby ORDERED that the Defendant's motion to exclude and in limine [41] to preclude one of the Plaintiff's treating physicians from testifying or, in the alternative, from offering expert opinions and testimony is DENIED; the subject witness, Dr. Tal Hendrix, M.D., shall be permitted to testify at trial; his testimony, however, shall be LIMITED to the facts and opinions contained in the treatment records that the Plaintiff produced to the Defendant during discovery, which cover the time period from October 2, 2019, to August 26, 2020.

SO ORDERED, this, the 10th day of April, 2023.

_____
SENIOR U.S. DISTRICT JUDGE